IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02411-BNB

JONATHAN MATHENY,

    Applicant,

v.

BRIGHAM SLOAN, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 13 2010

GREGORY C. LANGHAM
              CLERK

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Applicant Jonathan Matheny is a prisoner in the custody of the Colorado Department of Corrections at the Bent County Correctional Facility in Las Animas, Colorado. Mr. Matheny has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his sentence in Park County District Court case number 01CR24.

On November 9, 2009, Magistrate Judge Boyd N. Boland ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those affirmative defenses in this action. On November 24, 2009, Respondents filed their Pre-Answer Response. On December 18, 2009, Mr. Matheny filed a reply to the Pre-Answer Response.

The Court must construe the application and other papers filed by Mr. Matheny liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the application in part.

Mr. Matheny agreed to plead guilty to three counts of conspiracy to commit first degree murder and one count of violating the Colorado Organized Crime Control Act (COCCA). He was sentenced originally to a term of sixty-eight years in prison, which consisted of concurrent terms of forty-eight years on the conspiracy counts and a consecutive term of twenty years on the COCCA count. On direct appeal, the aggravated-range sentences on the conspiracy counts were vacated and the matter was remanded for resentencing. *See People v. Matheny*, No. 04CA0082 (Colo. Ct. App. May 19, 2005) (unpublished).

On February 10, 2006, Mr. Matheny was resentenced to consecutive terms of eighteen, twenty-four, and twenty-four years on the conspiracy counts to be served concurrently with the twenty-year term on the COCCA count, for a total sentence of sixty-six years in prison. The new sentence was affirmed on appeal. *See People v. Matheny*, No. 06CA0614 (Colo. Ct. App. Oct. 18, 2007) (unpublished). On April 7, 2008, the Colorado Supreme Court denied Mr. Matheny's petition for writ of certiorari following his resentencing.

On August 7, 2008, Mr. Matheny filed a postconviction motion for sentence reconsideration that was denied by the trial court on October 31, 2008. Mr. Matheny

did not appeal from the trial court's October 31, 2008, order. The Court received the instant action for filing on October 2, 2009.

Mr. Matheny asserts three numbered claims for relief in the application, although two of his claims have distinct subparts. In the Pre-Answer Response, Respondents identify four numbered claims, only one of which has two distinct subparts, and Mr. Matheny's reply to the Pre-Answer Response refers to his claims as identified by Respondents in the Pre-Answer Response. The claims identified by Respondents and Mr. Matheny correspond with all of the claims asserted in the application. Therefore, to avoid any confusion, the Court will use the same numbering system adopted by the parties.

In his first claim, Mr. Matheny contends that the trial court relied on charges dismissed as part of the plea agreement in imposing sentence in violation of (a) his right to due process and (b) his Fifth Amendment right to be free from self-incrimination. In his second claim, Mr. Matheny contends that his right to equal protection was violated because his sentence is longer than the sentences imposed on his codefendants. Mr. Matheny alleged in his third claim that his sentence violates the Eighth Amendment because the trial court refused to consider his potential for rehabilitation. Mr. Matheny's fourth and final claim is that his consecutive sentences on the conspiracy counts violate Colorado state law.

Respondents concede that this action is not barred by the one-year limitation period in 28 U.S.C. § 2244(d). Respondents also concede that claim 1(a), 2 and 3 were exhausted on direct appeal. However, Respondents contend that claim 1(b) is unexhausted and procedurally barred because, although claim 1(b) was raised on direct

3

appeal to the Colorado Court of Appeals, Mr. Matheny did not raise claim 1(b) in his petition for writ of certiorari on direct appeal.

In his reply to the Pre-Answer Response, Mr. Matheny asks that the Court dismiss claims 1(b) and 4 as procedurally barred and review the merits of claims 1(a), 2, and 3. The Court will dismiss claim 1(b) as procedurally barred in accordance with Mr. Matheny's request. Although the Court also will dismiss claim 4, claim 4 will not be dismissed as procedurally barred. Instead, the Court finds claim 4 must be dismissed because the alleged violation of state law asserted by Mr. Matheny in claim 4 does not state a cognizable federal constitutional claim. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." ***Estelle v. McGuire***, 502 U.S. 62, 67-68 (1991).

Therefore, upon completion of the Court's review pursuant to D.C.COLO.LCivR 8.2C, the case will be drawn to a district judge and to a magistrate judge. ***See*** D.C.COLO.LCivR 8.2D. Accordingly, it is

ORDERED that claim 1(a) is dismissed as procedurally barred pursuant to Applicant's request and claim 4 is dismissed for failure to raise a federal constitutional claim. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this _13th_ day of _January_, 2010.

BY THE COURT:

_[signature] for_

PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02411-BNB

Jonathan Matheny
Prisoner No. 119889
Bent County Correctional Facility
11560 Road FF.75
Las Animas, CO 81054-9573

Rebecca A. Adams
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 1/13/10

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk